STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT J. MICKLER, PLAINTIFF IN ERROR.

Argued February 27, 1906—Decided June 11, 1906.

Upon the trial of an indictment against M., an officer of a county, for assisting O. in obtaining from the county money not lawfully and justly due to O., evidence by one C. that, upon coming to the place where he (C.) was from the bank where he (O.) had received the money for the aiding in obtaining which M. had been indicted, O. told him that he had just come from the bank and had too much money, is hearsay and no part of the *res gestæ.*

---

On error to Passaic Sessions.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff in error, *Munson Force.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRETSON, J. The plaintiff in error was convicted in the Court of Quarter Sessions of Passaic county upon an indictment charging that he, being a member of the board of chosen freeholders of Passaic county, did unlawfully and willfully counsel, aid and assist one Harvey Oliver in obtaining from said board the sum of $36 of the moneys of the said board, which said sum of money, although then and there paid to the said Harvey Oliver, was not then and there lawfully and justly due to him, as he, the said Mickler, well knew.

Upon the trial of the indictment, Harvey Oliver was called as a witness for the state, and testified that at defendant's request he did certain work for the county; that afterwards the defendant told him to get in his bills, and the same night he made out two bills, one for $7 and one for $14, and took them to the defendant's house, and the defendant told him the bills were not made out on county bills and to leave them and he would copy them and leave them at Mr. Van Hovenberg's, and that he, Oliver, should go the next day and swear to them; that he, Oliver, went to Van Hovenberg's and swore to them and took them to defendant's house and gave them to a lady there and asked her to give them to the defendant; that he subsequently got word to go and get his check, and got a check for both bills, and then went to the First National Bank, signed the check on the back, presented the check and had counted out to him $57; that he counted it over and found $57; that he went home, and when he got in the house, James Conlin, a man from upstairs, was there reading the paper, and that he told Conlin about having too much money. He also testified that he did not look at the bills so as to see the amount of them in Van Hovenberg's office when he swore

to them, or at the check when he received it so as to know the amount, and the first he knew he was to receive $57 was when it was handed to him in the bank when the check was paid.

He further testifies that the same night he received the money from the bank he took it to Mickler's house, kept $21 of it and left the balance with Mickler.

After Oliver had testified, the state produced as a witness James Conlin, whom Oliver had told about receiving the money, and Conlin testified as follows:

"*Q.* Do you remember him coming in after receiving money from the county?

"*A.* Yes, sir.

"*Q.* Did he say anything to you about it?

"*A.* He said he had too much money.

"*Q.* Was it the day he got it?

"*A.* He said he just came from the bank and had too much money."

The last two questions were objected to, were admitted, and exceptions taken and allowed.

This was evidence of a conversation between two witnesses for the state not in the defendant's presence.

It was a statement by Conlin of what Oliver, a witness in the case, had told him. Its effect was to have Conlin corroborate Oliver in swearing that he received more money than he was entitled to, which was the gist of the offence charged. This evidence was purely hearsay. The statement of Oliver to Conlin was no part of the *res gestæ.* It was no part of the act of Oliver in receiving the money from the bank.

To justify the declarations of third parties to be admitted as part of the *res gestæ* they must be so connected with the transaction as to characterize or explain it.

. They must be more than a mere narrative of a past occurrence. 2 *Jones Ev.*, § 348; 1 *Gr. Ev.* (16th ed.), § 110.

A collection of cases on the subject is also found in 7 *Words and Phrases,* judicially defined, title *"Res Gestæ,"* p. 6130.

The judgment below is reversed.